**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:                                                                                           Case No. 8-19-bk-00171-CPM
                                                                                                 Chapter 13
Karen Adele Polej

      Debtor.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on January 09, 2019.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:
        other:  document spouse's expenses.

    b. Debtor's Current Monthly Income **(Form 122C-1)** needs to be amended to:
      correct line 2 because it should be $6,573.00 (six thousand, five hundred seventy three dollars) and $4,713.00 (four thousand, seven hundred thirteen dollars);
      correct line(s) 13 to list $0 or provide proof to the Trustee of the expense.

    c. Debtor's Current Monthly Income **(Form 122C-2)** needs to be amended to:
      correct line(s) 33d and 34 to list $0 or provide proof to the Trustee of the expense.

    d. Based on the Debtor's Forms 122C-1 and 122C-2, respectively, the unsecured creditors are not receiving sufficient funds.

    e. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall

provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2018</u>. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

/s/ Kimberly R. McIntyre  
Kimberly R. McIntyre, Esquire  
Florida Bar No. 14123  
Staff Attorney for Chapter 13 Trustee  
P.O. Box 25001  
Bradenton, Florida 34206-5001  
Phone: (941) 747-4644  
Fax:   (941) 750-9266  

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically and/or by First Class U.S. Mail to **Karen Adele Polej**, Debtor, 5437 Colonial Oaks Boulevard, Sarasota, FL 34232, and **Benjamin G. Martin, Esquire,** 1620 Main St., Suite 1, Sarasota, FL 34236, Attorney for Debtor, and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 5th day of March, 2019.

/s/ Kimberly R. McIntyre  
Kimberly R. McIntyre, Esquire

JMW/KRM/phl